UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>GONZALES & GONZALES BONDS AND INSURANCE AGENCY, INC., and AMERICAN SURETY COMPANY, INC.<br><br>Defendants. | No. C 09-04029 MHP<br><br>**MEMORANDUM & ORDER**<br><br>Re: United States' Motion for Voluntary Partial Remand |

      Plaintiff, the United States on behalf of the Department of Homeland Security ("DHS"), brought this action against defendant Gonzales & Gonzales Bonds and Insurance Agency, Inc. ("G&G") and American Surety Company, Inc. ("ASC") to enforce four immigration bond breach determinations. G&G/ASC counterclaimed that 17 additional and separate bond breaches declared by the DHS were improper. Now before the court is the government's motion for voluntary partial remand to DHS in order to rescind 11 of the 17 bond breach decisions. Upon defendants' filing of their counterclaims, DHS reviewed the Record of Proceedings and determined that "administrative errors" warranted rescission for these eleven bonds. Docket No. 55 at 6.

      The court is amenable to remand of the eleven bond breach determinations, particularly given the government's representation that "G&G/ASC will receive a refund or credit for the amount paid on the 11 bonds." Docket No. 58 at 3. In order to demonstrate to the court, however, that remand is proper, the government will need to do more than cite broadly to "administrative errors" in the bond breach determinations. Defendants have averred that the government may be seeking to avoid

meaningful review of ongoing problems within DHS, and the court accordingly needs greater assurances that the request for remand is in good faith. *See SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) ("A remand may be refused if the agency's request is frivolous or in bad faith" (citing *Lutheran Church-Missouri Synod v. Fed. Commc'ns Comm'n*, 141 F.3d 344, 349 (D.C. Cir. 1998))). If the government's request ultimately reflects "substantial and legitimate" concerns on the part of DHS, remand likely is appropriate. *See id.*

Accordingly, if the government wishes to proceed with remand, it shall file within fourteen (14) days a declaration from the appropriate knowledgeable person setting forth: (1) the specific administrative errors that DHS has identified in its initial breach determinations, and (2) the procedures DHS intends to put in place in order to avoid these errors in the future.

IT IS SO ORDERED.

Dated: May 24, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California