UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GONZALES & GONZALES BONDS AND INSURANCE AGENCY, INC., et al.,<br><br>　　　　Defendants. | Case No. 09-cv-04029-EMC<br><br>**ORDER RE PENALTIES & FEES**<br><br>Docket No. 271 |

Currently pending before the Court are the parties' briefs as to whether the government abused its discretion in not waiving penalties and administrative fees.

Title 31 C.F.R. § 901.9(a) provides that "agencies shall charge interest, penalties, and administrative costs on debts owed to the United States pursuant to 31 U.S.C. § 3717." 31 C.F.R. § 901.9(a). Although the statute and regulation use the word "shall," the regulation makes clear that the government has the authority – more specifically, discretionary authority – to waive interest, penalties, and costs. Title 31 C.F.R. § 901.9(g) provides:

> [A]gencies may waive interest, penalties, and administrative costs charged under this section, in whole or in part, without regard to the amount of the debt, either under the criteria set forth in these standards for the compromises of debts, or if the agency determines that collection of these charges is against equity and good conscience or is not in the best interest of the United States.

31 C.F.R. § 901.9(g).

Regarding penalties, G&G makes two arguments: (1) that the Court's prior ruling on penalties extends to bond breaches beyond October 25, 2007, and (2) that penalties should not have been assessed while litigation was ongoing. Neither argument is persuasive. Regarding the first argument, the Court's prior ruling was that the government abused its discretion in assessing

penalties regarding certain bond breaches because G&G had made an unconditional offer to pay the principal on October 25, 2007. G&G argues that, even for bond breaches after October 25, 2007, penalties should not have been assessed because the spirit of G&G's October 25, 2007, offer was to get principal out of the way with respect to any dispute between the parties over bond breaches. But the Court does not so read G&G's October 27, 2007, offer. Moreover, contrary to what G&G suggests, it is not clear that further offers by G&G to pay principal would have been futile.

As for G&G's second argument, it fares no better. As the government pointed out at the hearing, penalties are mandated by Congress, and Congress could have, but did not, make any specific carve out for assessment of penalties while litigation is ongoing. Furthermore, in the context of evaluating whether interest payments should be cut off (as opposed to penalties), the Court rejected the contention that judicial review should automatically cut off the accrual of interest. *See* Docket No. 244 (Order at 39). Finally, the bottom line is that the Court's review here is for an abuse of discretion. While the government could have, in the exercise of its discretion, decided to waive penalties, it did not abuse its discretion in not granting waiver, particularly given the long history between the parties. Notably, the government initiated this litigation, not G&G; thus, in the absence of the government's lawsuit, penalties would have continued to accrue. And if G&G had truly not wanted penalties to accrue, then it should have administratively appealed the bond breaches when first declared or made any offer to pay the principal.

With respect to administrative fees, the Court also finds no abuse of discretion.[1] The $10 fee is not a patently unreasonable estimate of what it costs for the agency to keep track of a bond breach each month. *See, e.g.*, Deschamps Decl. ¶ 15 (referencing generating and mailing "dunning notices" to delinquent debtors, managing the status of the debt, etc.). G&G argues the

---

[1] The government argues that any challenge to the fee has been waived because, "[h]ad G&G wished to challenge the fee amount, the appropriate time to do so was upon issuance of the breach notice or on remand to the agency." Resp. Br. at 6 n.11. Although this is not an unfair argument, the Court shall still address the merits of the fee issue, especially since the dispute likely affects the cases left to be resolved between the parties.

2

government should not be able to get the $10 monthly fee because the activities referenced in the Deschamps declaration are just "the regular cost of the normal business practices of DHS"; they do not "result in an additional 'cost' to DHS." Op. Br. at 7. But even if keeping track of the bond breaches was just part of the regular cost of doing business (so to speak), that should not necessarily preclude the government from seeking compensation for that cost. The government would not have to expend its efforts on G&G's wrongful conduct but for that wrongful conduct. Moreover, administrative fees are congressionally mandated.

For the foregoing reasons, the Court finds no abuse of discretion on either penalties or fees.

As discussed at the hearing, the parties shall meet and confer and file a proposed final judgment for the Court to enter in this case.

For the stayed related cases, the parties shall meet and confer and file a proposed order that authorizes the government to take corrective action through a remand to the agency.

The proposed final judgment and proposed order shall be filed within two weeks of the date of this order.

**IT IS SO ORDERED**.

Dated: January 15, 2016

_____
EDWARD M. CHEN
United States District Judge